UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric L. Myrieckes, Sr., #11013-068; ) | C/A No. 3:05-2375-RBH-JRM |
| ) | |
| Petitioner; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| John LaManna, Warden, Edgefield Federal Correctional ) | |
| Institution (FCI-Edgefield); ) | |
| ) | |
| Respondent. ) | |
| ) | |

The Petitioner, Eric Myrieckes (hereafter, the "Petitioner"), a federal prisoner proceeding *pro se*, has filed this action as a request for *habeas corpus* relief under Title 28 United States Code section 2241. Petitioner claims that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241(b)(3). The matter was referred to the undersigned pursuant to the provisions of 28 U.S.C.§ 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C.

### *PRO SE* PETITION

Since Petitioner is a *pro se* litigant, his pleadings are to be accorded liberal construction, and held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal.

A careful review has been made of the petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review

1

has been conducted in light of the following precedents: Denton v. Petitioner, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

## BACKGROUND

Petitioner is incarcerated at Edgefield Federal Correctional Institution (FCI-Edgefield), serving a sentence of 188 months imprisonment imposed by the United States District Court for the Western District of Pennsylvania in August, 2001, after he entered a guilty plea to a single count of Conspiracy to Distribute Cocaine Base and PWID. See United States v. Andrews, et al., 3:00-cr-00014-KRG (W.D. Pennsylvania 2000), *aff'd* 38 Fed. Appx. 824 (3rd Cir. 2002).

Petitioner was one of three defendants in the underlying prosecution. He was a passenger in an automobile which was stopped by the Cambria (Pennsylvania) County Drug Task Force in February, 2000. Drugs were found. The Third Circuit upheld Petitioner's conviction, finding that the drug stop was properly based on a tip from an identified informant who signed a statement.

Petitioner asserts that he is "barred" from filing a motion to vacate under 28 U.S.C. § 2255 because he is "out-of time." [1-2, "Memorandum" pp. 2 & 5.] Believing that he would for that reason be required to seek pre-filing authorization (PFA) or certification from the Third Circuit Court of Appeals, Petitioner argues that a § 2255 motion would be inadequate to test the legality of his incarceration.

Petitioner fails to mention the fact that he has already filed § 2255 motion in the trial court. In that proceeding, Petitioner contended that his sentence, pursuant to the United States

Sentencing Guidelines (USSG), violated the Sixth Amendment protections noted in United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Andrews, supra, Document #124, and Myrieckes v. United States, 3:05-00229-KRG (W.D. Pennsylvania 2005). His motion was denied on May 20, 2005, over two months before he commenced this action. In July, 2005, Petitioner sought to re-characterize his motion as a petition for "Nunc pro Tunc," a motion which was denied on July 19, 2005.[1]

## RELIANCE ON § 2241 IS MISPLACED

It is quite likely that Petitioner's Booker claim is at this time precluded by the rule of *res judicata*. He also advances an argument that he is "actually innocent" and should not have been sentenced as a "career offender" under USSG § 4B1.1. Contrary to his claim, the Petitioner is not "barred" from advancing this or his Booker claim under § 2255. He must simply obtain certification from the United States Court of Appeals for the Third Circuit to proceed with a second and successive § 2255 motion in the sentencing court.

Since the passage of § 2255, resort to § 2241 has been allowed only in limited situations such as actions challenging the administration of parole, Doganiere v. United States, 914 F.2d 165, 169-170 (9th Cir. 1990); computation of good time or jail time credits, McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, United States v. Harris, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, Atehortua v. Kindt, 951 F.2d 126, 129-130 (7th Cir. 1991). Petitioner does not offer any such arguments for the relief which he seeks.

---

[1] – The trial court cited Lloyd v. United States, 407 F. 3d 608 (3rd Cir. 2005) holding that Booker would not be applied retroactively for collateral review of convictions. Even before Lloyd, the Third Circuit had declined to certify a successive § 2255 motion which invoked Booker. See In re Olopade, 403 F. 3d 159 (3rd Cir. 2005).

3

Ultimately, Petitioner himself provides the best argument for pursuing a successive § 2255 motion in the trial court.  According to his "Memorandum," the trial judge expressed reluctance to impose a sentence mandated by the Guidelines.  [1-2, "Memorandum" with excerpt from trial transcript attached.]

## **RECOMMENDATION**

Based on the foregoing, it is recommended that the Petition herein be dismissed without prejudice and without issuance of service of process. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have a duty to screen *habeas corpus* petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).  The Petitioner's attention is directed to the notice on the next page.

                                    Respectfully Submitted,

                                    s/Joseph R. McCrorey
                                    United States Magistrate Judge

September 15, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**