IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Eric L. Myrieckes, Sr., #11013-068, ) | |
| ) | C/A No. 3:05-2375-RBH |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| John LaManna, Warden, Edgefield Federal ) | |
| Correctional Institution (FCI-Edgefield, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a federal inmate at Edgefield Federal Correctional Institution, proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2241. Petitioner filed his petition on August 19, 2005 alleging that his 2001 federal sentence should be vacated based on *United States v. Booker*, 543 U.S. 220 (2005).

Petitioner entered a guilty plea to one count of conspiracy to distribute cocaine base and possession with intent to distribute and was sentenced to 188 months imprisonment by the United States District Court for the Western District of Pennsylvania in August of 2001. The Third Circuit upheld the conviction of the petitioner and his co-defendants. *See United States v. Andrews, et. al*, 3:00-cr-00014-KRG (W.D. Pa. 2001), *aff'd* 38 Fed. Appx. 824 (3d Cir. 2002). Petitioner filed a 28 U.S.C. § 2255 motion to vacate his sentence which was denied on May 20, 2005. *Id.*, Document #124; *Myrieckes v. United States*, 3:05-00229-KRG (W.D. Pa. 2005). In July of 2005, the petitioner filed a petition for "Nunc pro Tunc" which was denied on July 19, 2005.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation of United States Magistrate Joseph McCrorey which were filed September 15, 2005. The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation

of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Based on his review of the record, the Magistrate Judge concludes that the petitioner's § 2241 action should be dismissed because the petitioner's claims are cognizable under §2255. Further, the Magistrate Judge recommends that the petition be dismissed without prejudice to allow the petitioner to apply for pre-filing authorization from the United States Court of Appeals for the Third Circuit to proceed with a second and successive §2255 application in the sentencing court in light of the *Booker* decision which he cites in his current petition.

Petitioner filed objections to the Report on October 6, 2005. Petitioner's objections state that his remedy under §2255 is "inadequate or ineffective to test the legality of detention" and therefore he should be allowed to pursue relief under §2241.[1] Section 2241 is not the correct statutory vehicle for

---

[1] Petitioner also appears to argue that he is innocent of the crime for which he was convicted and cites cases which have allowed retroactive application of a constitutional ruling where defendants were convicted of an act later held not to be a crime. *See*, e.g., *United States v. Triestman*, 124 F.3d 361 (2d Cir. 1997), *cert. denied*, 510 U.S. 953 (1993), allowing a prisoner to file an action under §2241 where the case of *Bailey v. United States*, 516 U.S. 137 (1995) held that a defendant could not be convicted of using a firearm under §924(c) unless he actively utilized the weapon. This Court finds that it is not necessary to discuss this issue, however, since the petitioner has not cited any rulings subsequent to his conviction which would affect the validity of his particular conviction. He only attempts to challenge his sentence. Therefore, this argument lacks merit.

2

the plaintiff. As noted by the Magistrate Judge, it is usually limited to situations involving prison disciplinary actions, computation of good time credits, administration of parole, or imprisonment allegedly beyond the expiration of a sentence. More importantly, as noted by the Magistrate Judge, plaintiff has already filed a §2255 motion alleging the same arguments he attempts to now raise as a §2241 petition. This previous §2255 motion was denied by the Western District Court of Pennsylvania.

A federal prisoner may file a petition under § 2241 to challenge his conviction or sentence only where a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. *See also Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999).[2] This Court finds that the petitioner has failed to show that a § 2255 motion on the issues presented would be "inadequate or ineffective." Because the petitioner is seeking to challenge his sentence, § 2255 provides an adequate remedy. Additionally, the Fourth Circuit has previously held that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or . . . is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[3]

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The Court overrules the petitioner's objections, adopts the Report and Recommendation, and incorporates

---

[2] An action under 28 U.S.C. §2241 may be appropriate where a challenge is brought to the execution of the sentence or the manner in which it is served. *Id*. The petitioner in the case at bar is challenging the imposition of his sentence under the *Booker* case.

[3] This court notes that the United States Supreme Court in *Booker v. United States*, *supra*, made its decision applicable to cases on direct review. The Fourth Circuit, as well as many other circuit courts, has held that the rule announced in *Booker* "is not available for post-conviction relief for federal prisoners . . . whose convictions became final before *Booker*. . . was decided." *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). *See also*, *Ashley v. Winkler*, 2005 U.S. Dist. LEXIS 29148 (E.D.N.C. 2005), *aff'd*, 148 Fed. Appx. 183 (4th Cir. 2005).

it herein by reference . Accordingly, the case is dismissed *without prejudice* to allow petitioner to apply for pre-filing authorization from the United States Court of Appeals for the Third Circuit to proceed with a second and successive §2255 application in the sentencing court in light of the *Booker* decision.

**IT IS SO ORDERED.**

                                                 s/ R. Bryan Harwell
                                                 R. Bryan Harwell
                                                 United States District Judge

December 30, 2005